UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | |
|---|---|
| STEVEN J. WOODS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0: 22-53-DCR |
| ) | |
| v. ) | |
| ) | |
| MR. LEMASTER, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

*** *** *** ***

Federal inmate Steven Woods has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] The Court screens the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Woods seeks to challenge a prison disciplinary conviction for refusing to provide a urine sample. He contends that he did not "refuse" to provide a sample, but was unable to produce one because of a medical condition (an enlarged prostate gland) and a psychological condition (anxiety, causing a "shy bladder"). Woods also argues that Bureau of Prisons officials did not comply with the applicable Program Statement during the testing process. *See* [Record No. 1 at 5-6]

Woods raised the same claims in a petition received by another division of this Court only days before this one was filed. *See Woods v. LeMaster*, No. 0:22-52-HRW (E.D. Ky. 2022). The two petitions are identical in all respects except for the date. Woods signed his petition in this case on June 6, 2022; however, he signed the petition in the earlier-filed case

on July 8, 2022. Woods does not indicate whether he intended to file two petitions regarding the same subject matter.

Because the two petitions were signed one month apart and do not mention the other, the Court concludes that duplicate filings were intended. The Court therefore will address this petition independently of the other. That said, the Court will deny the petition for the same reasons stated in the Court's opinion in the earlier case.

Woods was given an eight-ounce glass of water to drink, and two hours after that to produce a urine sample. When he could not do so, the testing officer contacted prison medical staff who told the officer that "there is no medical reason why Woods could not be able to provide a urine sample in the two hour time limit." *See* [Record No. 1-3 at 4-7] Therefore, as required by *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985), the disciplinary hearing officer possessed "some evidence" to support his conclusion that Woods had refused to provide a sample. *See Woods*, No. 0:22-52-HRW [Record No. 6 therein at 5-6]

Further, BOP Program Statement 6060.08 is consistent with its enabling regulation, 28 C.F.R. § 550.31, because it permits the inmate to rebut a presumption that he "refused" to provide a urine sample with medical or other evidence later during the disciplinary process. In any event, the testing officer's actions in Woods's case were consistent with the regulation. *See Id*. at 7-8. PS 6060.08 also permits – but does not require as Woods suggests – that prison staff provide an inmate use of a "dry room" to provide a sample. Finally, even if prison officials do not strictly follow a BOP Program Statement, that failure does not violate an inmate's constitutional rights. *See Id*. at 6-7 (*citing Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)).

For the reasons set out above, the Court will deny Woods's petition. Accordingly, it is hereby

**ORDERED** as follows:

1. Woods's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: July 25, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky